**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**


**UNITED STATES OF AMERICA**


**VERSUS**                                    **CRIMINAL ACTION NO. 4:08CR117**


**FRANZONIA ALEXANDER**


**ORDER**

This cause is before the Court on defendant Alexander's Motion for Entry of Order Providing for Strict Concurrence of the Sentence in this Cause with the Sentence in Cause No. 4:07CR143 [10]. The Court, having reviewed the motion, the response and being otherwise fully advised in the premises, finds as follows, to-wit:

At defendant's February 26, 2009 sentencing hearing in the instant case (the "Tax" case), this Court imposed a 50 month sentence to run concurrent with the 60 month term of imprisonment imposed in a case before Senior Judge Glen H. Davidson (the "Drug" case). Subsequent to the imposition of the sentences in these cases, defendant Alexander received a Rule 35 reduction of sentence in the Drug case of 18 months. Defendant urges that there is now a disparity between the two sentences, e.g., the sentence in the Drug case is only 42 months, while the sentence in the Tax case is 50 months. He asks that the Court modify the sentence in the Tax case to provide that the sentence in said case will expire simultaneously with the expiration of the sentence in the Drug Case.

The motion is not well-taken and should be denied. The Court has carefully reviewed the transcript of the February 26, 2009 sentencing hearing; nothing therein leads the Court to conclude

that it was the mutual intent of the government and the defendant, much less the undersigned, to provide for strict concurrence of sentences in the criminal actions identified herein. Instead, while defendant's attorney communicated a <u>desire</u> to have the sentence so construed, the government took the opposite position, iterating that, absent the filing of a Rule 35 motion in the Tax case, defendant was to serve the full 50 months of his sentence. Finally, the Court pointedly refrained from making any such finding on the record. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that defendant Alexander's Motion for Entry of Order Providing for Strict Concurrence of the Sentence in this Cause with the Sentence in Cause No. 4:07CR143 [10] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 2nd day of December, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE